ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 APR 27  AM 9: 21

CLERK C Adams
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NUMBER |
| Plaintiff, | **CV 109 055** |
| v. | JURY TRIAL DEMANDED |
| S & H THOMSON, INC., d/b/a STOKES-HODGES GM OF THOMSON | |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Stanley Tilghman who was adversely affected by such practices. The Commission alleges that S & H Thomson, Inc., d/b/a Stokes-Hodges GM of Thomson (the "Defendant"), subjected Stanley Tilghman to discrimination because of his race by subjecting Tilghman to a racially hostile work environment and failing to take

remedial action to stop the racially offensive conduct after he complained about the discriminatory activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, S & H Thomson, Inc., d/b/a Stokes-Hodges GM of Thomson, has continuously been a corporation doing business in the State of Georgia and the city of Augusta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Stanley Tilghman filed a charge of discrimination with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 19, 2006, Defendant engaged in unlawful employment practices, in violation of Sections 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Stanley Tilghman to racial harassment in the form of a racially hostile work environment. After receiving actual notice of the harassment, the Defendant failed to take prompt remedial action to end the harassment and prevent it from recurring.

8. The effects of the practice(s) complained of in paragraph 7, above, have been to deprive Stanley Tilghman of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his race.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were carried out with malice and/or reckless indifference to the federally protected rights of Stanley Tilghman.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in racial discrimination against employees, or otherwise creating or perpetuating racially hostile working conditions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Stanley Tilghman by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined by the jury at trial.

D.  Order Defendant to pay to Stanley Tilghman punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined by the jury at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs in this action.

[Jury Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

4/23/2009
Date

ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No.: 076206

VINCENT HILL
Trial Attorney
Georgia Bar No.: 354723

U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905