UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER |
| and | ) | 1:09-CV-00055 JRH-WLB |
| | ) | |
| STANLEY TILGHMAN | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| S & H THOMSON, INC., d/b/a | ) | |
| STOKES-HODGES CHEVROLET | ) | |
| CADILLAC BUICK PONTIAC | ) | |
| GMC, | ) | |
| Defendant. | ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission ("EEOC" or the "Commission") against the Defendant S & H Thompson, Inc., d/b/a Stokes-Hodges Chevrolet Cadillac Buick Pontiac GMC (hereinafter, the "Defendant" or "S & H Thomson") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* (hereinafter

"Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleges that Stanley Tilghman was subjected to a hostile work environment at S & H Thomson when he was constantly insulted with racial slurs on nearly a daily basis in front of his coworkers. In its Complaint the Commission sought relief including, but not limited to, punitive damages and injunctive and other affirmative relief. In its Answer, the Defendant denied that it had violated Title VII as alleged in the Complaint, and requested that the Court deny any relief to the Commission based on the Complaint.

In the interest of resolving this matter to avoid costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by the entry of this Consent Decree. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this

Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I.   JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action and over the parties to this action for the purposes of entering and enforcing this Consent Decree.  The employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Southern District of Georgia, Augusta Division.

## II.   DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case.

## III.   NON-DISCRIMINATION

Defendant, its officers, agents, employees, and all persons in active concert or participation with them shall comply with the non-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

## IV.   NON-RETALIATION PROVISION

Defendant shall not take any action against any person which constitutes retaliation with respect to the exercise of such person's rights under Title VII because of the filing of Charge No. 410-2007-00776 with the Commission which forms the basis for the present case, or because any person(s) gave testimony or assistance or participated in any manner in any complaint, investigation, proceeding or inquiry under Title VII.

## V.   INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management personnel who are currently employed at S & H Thomson have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.  All written certifications required by this Section shall be

-4-

addressed to Robert K. Dawkins, Regional Attorney (hereinafter "Regional Attorney"), EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.  <u>TRAINING</u>

During the term of this Consent Decree, the Defendant shall hold at least one training session, the cost of which is to be borne by Defendant, to be attended by all management personnel assigned to S & H Thomson on their rights and obligations arising under Title VII, including, but not limited to, the Defendant's obligations under Title VII when handling complaints of racial discrimination, hostile work environment, and retaliation.  The above referenced training shall be completed within one hundred and twenty (120) days of the entry of this Consent Decree and conducted by a qualified training professional selected by Defendant.

The Defendant shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training.  The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information

about the training.   If written materials are utilized, the Commission shall be supplied with a copy prior to the training.

All written notices and certifications required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.   REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at S & H Thomson has made a complaint of racial discrimination or retaliation to any management employee, whether orally or in writing.   For each person who has made such a complaint, the summary report shall state in writing, the following information:

     (a)    The date of the complaint(s);

     (b)    The name of the person making the complaint of discrimination or retaliation;

     (c)    The name and title of the person(s) against whom the complaint of discrimination or retaliation was made;

(d)     The name and title of the Defendant official(s) who received the complaint of discrimination or retaliation;

(e)     The nature of the complaint of discrimination or retaliation;

(f)     What, if any, action was taken by Defendant in response to the complaint of discrimination or retaliation (e.g. employee discipline); and

(g)     A detailed narrative of the investigation process (e.g. statements obtained) and how the complaint of discrimination or retaliation was resolved by Defendant.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. <u>RACIAL DISCRIMINATION AND RETALIATION POLICY AND PROCEDURES</u>

The Defendant agrees to implement and maintain a written policy against racial discrimination and retaliation against its employees that are consistent with Title VII and the relevant case law. The written policy and procedures shall cover employees at S & H Thomson. The Defendant is to implement the written policy

and procedures, attached hereto as Exhibit A, within thirty (30) days after the entry of this Consent Decree.

## IX.   **NOTICES TO BE POSTED**

Defendant shall post the Notice attached hereto as Exhibit B, for thirty-six (36) calendar months immediately following the Court's entry of this Consent Decree. The posting required by this Section shall be conspicuously made in the employee work area(s) so that each employee at S & H Thomson will observe at least one such posting when at the facility.   The Defendant shall certify the completion of the posting to the Commission within thirty (30) days from the entry of this Consent Decree.  All written certifications required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

The Commission shall be allowed to enter upon S & H Thomson to confirm the Defendant's compliance with this Section of the Consent Decree.   The Commission shall provide the Defendant with ten (10) calendar days notice prior to its entry upon the facility.   Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the

Notice is posted in the same manner as heretofore specified within five (5) business days after learning of the defacement.

## X.   CHARGING PARTY'S INDIVIDUAL RELIEF

The Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Stanley Tilghman within ten (10) business days of the entry of this Consent Decree the gross amount of $140,000.00, in the form of a check made payable to Stanley Tilghman and/or his intervening attorney of record, David S. Fried, Esq., Fried & Bonder, LLC. Mr. Tilghman will be responsible for paying income taxes, if any.  Defendant will issue a Federal Tax Form 1099 to Mr. Tilghman with respect to this payment at the end of 2009.

Within five (5) working days of issuing the check(s) to Stanley Tilghman and/or his intervening attorney of record, David S. Fried, Esq., the Defendant will mail a copy of the check(s) to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## XI.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately

following the entry of the Decree ("Term"), provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.  However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for the Term of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said Term, moved to enforce compliance with the Consent Decree.   If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the Term have been resolved.

## XII.  <u>COMPLIANCE OFFICIAL</u>

The Defendant has designated Charity Chastain, Controller, to be the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with this Consent Decree.   The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

## XIII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in writing by first class mail and facsimile, the Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or

mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

## XIV. OTHER ACTIONS

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Stanley Tilghman's claims that he was subjected to racially hostile work environment in violation of Title VII, as embodied in EEOC Charge Number 410-2007-00776, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant based on different facts in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Section 706(f) of Title VII (or any other statutes enforced by the Commission) on any such charges.  Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as

amended; the Age Discrimination in Employment Act of 1967, as amended; and the Americans with Disabilities Act of 1990.

## XV.   <u>COSTS AND ATTORNEYS FEES</u>

The EEOC and Defendant shall each bear their own respective costs and attorney's fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

>s/ ROBERT K. DAWKINS
>ROBERT K. DAWKINS
>Regional Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION- Atlanta District Office
>100 Alabama Street, SW, Suite 4R30
>Atlanta, Georgia   30303

Counsel for Defendant:

>s/ BENTON J. MATHIS, JR.
>BENTON J. MATHIS, JR.
>Freeman Mathis & Gary,
>100 Galleria Parkway, Suite
>Atlanta, Georgia 30339-5948

SO ORDERED, ADJUDGED, and DECREED  this _13th_ day of January, 2010.

J.  RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

EXHIBIT A

## **<u>S & H THOMSON, INC.</u>**
## **<u>EQUAL EMPLOYMENT OPPORTUNITY POLICY</u>**

We provide equal employment opportunities to all employees and applicants for employment without regard to race, color, religion, sex, pregnancy, national origin, age, disability, veteran status, or other protected category consistent with applicable law.  Our policy applies to all terms and conditions of employment, including but not limited to, hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

We prohibit any form of unlawful discrimination against applicants or employees. Further, we prohibit retaliation against an employee for filing a bona fide complaint under this policy or for assisting in a complaint investigation. Retaliation includes any adverse employment action against an employee because the employee has complained about or resisted harassment, discrimination, or retaliation, or has cooperated in an investigation.

Any employee with questions about this policy should contact Tammy Hilton, Human Resources Director.

**<u>By Telephone:</u>**                              **<u>By address:</u>**

(843) 818-5917 (office)                    Stokes Automotive Group
                                           8650 Rivers Avenue
                                           North Charleston, SC 29406

EXHIBIT B

## **N O T I C E**

1.  This notice to all employees of S & H Thompson, Inc., d/b/a Stokes-Hodges Chevrolet Cadillac Buick Pontiac GMC (hereinafter the "Company") is being posted as part of an agreement between the Company and the Equal Employment Opportunity Commission, EEOC.

2.  Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, or age with respect to hiring, firing, compensation or other terms, conditions, or privileges of employment.

3.  The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability, age, or because they have exercised their rights under the law.

4.  Appropriate corrective action, up to and including termination, shall be taken against any employee (including management personnel) found to violate the policies regarding discrimination and retaliation, based upon the circumstances involved.

5.  This notice will remain posted for thirty-six (36) months, until December 2012.

    Signed this _____ day of _____, 2009.

    _____

    S & H Thompson, Inc.